Byrns *v.* Woodward.

---

JAMES H. BYRNS, Guardian, etc., *v.* JOHN WOODWARD, Assignee, etc.

VENDOR'S LEIN. *Renewal of note. Including interest.* A note was executed for purchase money of land and lien retained in deed. The note was afterwards renewed payable to assignee, including interest due, and after renewal bearing ten per cent and having personal security not on original note. *Held,* the renewal note, together with all accumulated interest, was purchase money, and a lien on the land.

---

FROM ROBERTSON.

---

Appeal from the Chancery Court at Springfield. H. H. LURTON, Ch.

J. W. JUDD for complainant.

GARNER & SON for defendant.

DEADERICK, C. J., delivered the opinion of the court.

In 1869, one John R. Long sold and conveyed to one Thomas H. Gardner, a tract of land in Robertson county, containing six hundred and thirteen acres, for $17,000.

Amongst the notes executed for said land were two of $2,420 each. One of these notes was afterwards assigned to John Byrns, who has since been adjudged a lunatic, and complainant has been appointed his guardian. This note was signed by said Thomas H. Gardner, and also by Charles N. and R. Gardner. It is alleged that the other notes executed for said land had been paid.

The deed describes the notes, and declares the land "subject to a lien for the payment of the aforesaid $17,000, which is hereby expressly retained."

In June, 1875, the complainant, after his qualification as guardian of his father, the said John Byrns, procured said T. H. Gardner to renew note payable to himself as guardian. This note was signed not only by T. H. Gardner, the purchaser, and Charles. N. and R. E. Gardner, the parties to the original note, but also by T. J. Gardner, G. H. Whitehead and G. N. Gardner, the last two signing their names as sureties.

The note executed in renewal of the original note, was for $2,905.84. It includes the interest accumulated.

Byrns v. Woodward.

on the original, and recites that it is executed in re-
newal of the note for $2,420, payable to John R.
Long for land purchased from him by T. H. Gard-
ner, and by said Long assigned to John Byrns, "there
being a lien upon said land for the payment of the
purchase money," and the note is to bear interest at
ten per cent. It also appears that in June, 1876,
said T. H. Gardner was adjudged a bankrupt, and de-
fendant as his assignee, had advertised to sell said tract
of land for the benefit of his general creditors.

Defendant filed his answer and insisted, that by the
renewal of the note and changes made in its terms,
complainant had released or waived his lien upon the
land.

It was agreed that defendant might sell the land
under his advertisement, holding a sufficient part of the
proceeds subject to any recovery by complainant in
this case. The chancellor held that complainant's lien
was still valid and subsisting, and gave a decree in
his favor for the amount of the note last executed,
and ten per cent interest thereon, and defendant ap-
pealed.

In 2 Heis., 395, it is held that a reservation of
a lien in a deed, stands on the footing of a mortgage,
and in such case the transfer of the notes, operates as
a transfer also of the security. Meigs R., 56, and a
renewal of the notes, or substitution of other notes, is
no abandonment or waiver of the lien. Nor will the
taking of personal security so operate, in cases where
the legal title is retained, or where a lien for the pur-
chase money is expressly reserved upon the face of the

deed (2 Heis., 395; 9 Hum, 571; 7 Lea, 463), unless it is so expressly agreed.

It is the purchase money and its legal interest, that in contemplation of law, is intended by the parties, to be secured, whether it remains due to the original payee or his assignee. It was held by this court, Judge Cooper delivering the opinion, that under the homestead law, the homestead is subject to the satisfaction of a debt contracted for the purchase of the land, in which the right of homestead has been acquired, although the debt has been changed in form, by the execution of a new note with personal security, and at a higher, though legal rate of interest: 3 Lea, 353.

Such are about the facts in this case. The lien is very distinctly declared in the deed at the time of the execution of the original notes, and at the time of its renewal, with other parties to it; it is recited upon its face that there is a lien, for its security, upon the land. So that so far from affording any evidence of an agreement to waive the lien, the note itself declares its existence.

The interest accrued upon the original note, and included in the new note, was as much a part of the price of the land as the principal sum, and was, with the principal, then due, and might legally be included in the new note, if not paid, and the aggregate indebtedness be treated as principal. Upon this sum thus due and unpaid, the creditors might claim and receive any rate of legal interest which might be agreed upon, between himself and the debtors.

We are of opinion, therefore, that there is no error in the decree of the chancellor and it will be affirmed, and the cause will be remanded to the end that the decree may be carried out and executed.